ORIGINAL
FILED
APR 0 4 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN
FILED
APR 0 5 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL EMMONS, #165172,

        Plaintiff,           Case No.: 04-CV-74341-DT

                               HON. AVERN COHEN
vs.                            MAG. JUDGE WALLACE CAPEL, JR.

S. L. BURT, et. al.,

        Defendant.
_____/

### REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This is a pro se prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. On March 9, 2005, the Court entered an order denying Plaintiff's Motion to Amend, and instructed the Plaintiff to provide the Court with sufficient information and documentation to determine if he had exhausted his administrative remedies as to each individual named as a Defendant, by April 8, 2005. Plaintiff filed a response on March 18, 2005, which failed to establish that he had exhausted his administrative remedies.

**II.    ANALYSIS**

The Court has examined Plaintiff's Complaint, exhibits, and response to it's Order requiring Plaintiff to establish exhaustion of administrative remedies. The materials fail to establish that Plaintiff filed grievances and completed the administrative grievance process.

The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies," before

1

a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998). A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. Id. at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims if any have been exhausted. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.) (cert denied); 531 U.S. 1040, 121 S.Ct. 634 (2000). In the Sixth Circuit, a prisoner must specifically file and complete the grievance process against each person they ultimately seek to sue. Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. Gibbs v. Bolden, 151 F.Supp.2d 854, 857 (E.D. Mich. 2001). Plaintiff has not met these requirements in this case.

## III. CONCLUSION

For the reasons stated above, it is respectfully recommended that this case be **DISMISSED** without prejudice.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

Date: **APR 0 5 2005**

**ORIGINAL FILED**

**CERTIFICATION OF SERVICE**

APR 0 4 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

FILED
APR 0 5 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES OF AMERICA )
) ss  Case No.: 04-CV-74341-DT
EASTERN DISTRICT OF MICHIGAN )

I, the undersigned, hereby certify that I have on the 5th day of April 2005, mailed a copy of the "Report and Recommendation," in the foregoing cause, pursuant to Rule 77(Davenport), Fed.R.Civ.P., to the following:

Honorable Avern Cohn
United States District Judge
231 W. Lafayette, Room 219
Detroit, Michigan 48226

Carl Emmons, #165172
Parnall Correctional Facility
1780 E. Parnall
Jackson, Michigan 49201

Christine M. Campbell
Michigan Department of Attorney General
Corrections Division
P. O. Box 30217
Lansing, Michigan 48909-7717

Marsha Heinonen
Deputy Clerk